# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JAMES GLENN COLLINS, JR. v. TOMMY MILLS, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lake County**
No. 08-CR-9149      Lee Moore, Judge

_____

**W2008-00798-CCA-R3-HC - Filed December 3, 2008**

_____

The petitioner, James Glenn Collins, Jr., appeals the Lake County Circuit Court's summary dismissal of his petition for habeas corpus relief. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals because the petition fails to state a cognizable claim for relief. Upon our review of the petition and the applicable authorities, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

James Glenn Collins, Jr., Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In July 1986, the petitioner, James Glenn Collins, Jr., pled guilty in Knox County Criminal Court to four counts of armed robbery, two counts of grand larceny, one count of petit larceny, one count of concealing stolen property, one count of aggravated assault, and one count of escape as charged in nine separate indictments. He agreed upon an effective sentence of forty-five years in the Tennessee Department of Correction as a Range I, standard offender. He did not file a direct appeal or seek post-conviction relief.

On March 28, 2008, the petitioner filed a pro se petition for habeas corpus relief in Lake County Circuit Court. His central claim was that his 1986 plea agreement was "illegal and void . . . due to the cumulative affect [sic] of the Constitutional errors affecting the substantial rights of the defendant in that he has clearly been denied fundamental due process of law." The petitioner challenged each of his convictions for a combined total of over one-hundred forty grounds for relief,

with varying sub-parts, which can be categorized as follows: (1) ineffective assistance of counsel; (2) deficiencies in the affidavits of complaint and arrest warrants; (3) sufficiency of the evidence; (4) validity of guilty plea; (5) the statutes under which petitioner was charged were inapplicable to the offense he actually committed; (6) allegations of prosecutorial misconduct, and (7) challenges to the sentence imposed. After carefully reviewing the allegations within the petition, the trial court denied habeas corpus relief with an extensive eight-page written order analyzing the petition, the exhibits, and the applicable law. The petitioner then filed this timely appeal.

In this appeal, the petitioner filed a one-hundred-twenty-two page handwritten brief arguing largely the same aforementioned grounds. He additionally claims that the habeas court erred by denying him relief on his habeas corpus petition without the appointment of counsel. The State argues the habeas court properly dismissed the petition because none of the petitioner's claims, even if true, would render the petitioner's convictions void. We agree.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T. C. A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void, not merely voidable, judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. "In contrast, a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004)(internal citation and quotation omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citation omitted). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that he is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *2 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

Upon review of the record and applicable law, this court concludes that the petitioner is not entitled to habeas corpus relief and that the habeas court's summary dismissal of the petition was proper. The petitioner's numerous claims are merely voidable, not void. Nothing in the record demonstrates that the trial court lacked jurisdiction to accept the petitioner's guilty pleas, impose the sentences, or that the petitioner's sentences have expired. Accordingly, the petitioner has not asserted a facially cognizable claim that is appropriate for habeas corpus relief. Because there was no facially cognizable claim, the petitioner was also not entitled to appointment of counsel for his hearing in the habeas court. Billy James Matthews v. Turner, No. W2004-01547-CCA-R3-HC, 2005 WL 957112, at *2 (Tenn. Crim. App., at Jackson, Apr. 26, 2005) (citations omitted).

On November 6, 2008, the petitioner filed a motion with this court to amend his petition for habeas corpus relief. The petitioner now attempts to amend his petition based on his "illegal range sentencing." In this motion, the petitioner apparently complains because he was sentenced as a Range I, standard offender, rather than being sentenced as a Range II, multiple offender, his true status at the time of the guilty plea. "[A] plea-bargained sentence is legal as long as it does not exceed the maximum punishment authorized for the plea offense." See Hoover v. State, 215 S.W.3d 776, 780 (Tenn. 2007). Moreover, "offender classification and release eligibility are non-jurisdictional and may be used as bargaining tools by the State and the defense in plea negotiations." Id. Nothing in this record indicates the petitioner's sentence exceeded the maximum punishment authorized by statute. Accordingly, the petitioner's motion is denied.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE